UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. GROVER,
        Plaintiff,

No. 1:07-cv-641

-v-

HONORABLE PAUL L. MALONEY

KAMAL CARIUTY, ET AL.,
        Defendants.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Mark Grover, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint against two corrections officers, Cariuty and Knaack, and against an assistant deputy warden, Paradine. Defendant officers filed a motion for summary judgment. (Dkt. No. 22.) Plaintiff filed a response. (Dkt. No. 32.) The magistrate judge issued a report (Dkt. No. 50) recommending Defendants' motion be granted. The magistrate judge further recommends the claims against the assistant deputy warden in his official capacity be dismissed as barred by the Eleventh Amendment and all other claims against him be dismissed without prejudice because the assistant deputy warden has never been served.. Plaintiff filed objections. (Dkt. No. 51.) The court has read the complaint, motion, response, report, objections, and relevant authority.

## STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general

because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

ANALYSIS

Plaintiff's objection includes twenty numbered paragraphs. Not all of the numbered paragraphs implicate a recommendation contained in the magistrate judge's report. Plaintiff's objections, as relevant to the claims in his complaint and the recommendations in the report, will be identified and addressed.

A. ELEVENTH AMENDMENT IMMUNITY

Plaintiff sued all three Defendants in both their individual and their official capacities. The magistrate judge concludes Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment. Plaintiff objects (objection 14), arguing because Defendants violated the law, they were not performing a government function and therefore are not entitled to immunity.

The magistrate judge's conclusions of law are well reasoned and fully supported by legal authority. The magistrate judge's recommendation on this claim is ADOPTED. Plaintiff's objection is OVERRULED.

B. CLAIMS ARISING UNDER THE EIGHTH AMENDMENT

Prisoners at level 1 facilities, like Plaintiff, are not allowed to possess property exceeding that

which can fit into a state-issued duffle bag or similarly sized footlocker. On March 4, 2006, Plaintiff was ordered to perform a mock pack-up of his property. At the end of the mock pack-up, Defendant Cariuty gave Plaintiff back Plaintiff's padlock. Plaintiff alleges Defendant Cariuty violated his rights under the Eighth Amendment when Defendant Cariuty "slammed" the metal padlock into Plaintiff's open hand, resulting in an injury to Plaintiff's hand. In their motion for summary judgement, Defendants concede, for the purpose of the motion, that Defendant Cariuty slammed a metal padlock into Plaintiff's hand. Defendants argue Plaintiff cannot establish that the act was wanton or reckless. Defendants also argue there is no medical evidence to support Plaintiff's claim of an injury to his hand. Plaintiff counters that any force was unnecessary and that his injury does have documentary support. The magistrate judge concludes the use of force was *de minimis* and did not fall under the Constitution's prohibition on cruel and unusual punishment. Plaintiff objects (objections 16-20). Plaintiff insists neither the force used nor the injury was *de minimis*.

The magistrate judge's conclusions of law are well reasoned and fully supported by legal authority. The magistrate judge's recommendation on this claim is ADOPTED. Plaintiff's objection is OVERRULED. Taking the facts in a light most favorable to Plaintiff, the use of force in this situation was *de minimis*. Since the report and recommendation issued, the United States Supreme Court has clarified the nature of an Eighth Amendment excessive force claim in the context of a claim by a prisoner against a corrections officer. *See Wilkins v. Gaddy*, ___ U.S. ___, 130 S.Ct. 1175 (2010) (per curiam). In reaffirming its holding in *Hudson v. McMillian*, 503 U.S. 1 (1992), the Court held "the core judicial inquiry" is not whether some quantum of injury was sustained, but "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 130 S.Ct. at 1178 (quoting *Hudson*, 503 U.S. at 7). The injury "may also provide some indication of the amount of force applied. As we stated in *Hudson*, not 'every malevolent touch by a prison guard gives

3

rise to a federal cause of action.'" *Id.* (quoting *Hudson*, 503 U.S. at 9). "To determine whether a claim of assault rises to the level of constitutional magnitude, a court must consider the reasons or motivation for the conduct, the type of force used, and the extent of the inflicted injury." *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993).

In his objection, Plaintiff makes a case that, outside the penal environment, Defendant Cariuty's conduct would constitute assault. Of course, the incident occurred inside a prison and therefore Plaintiff's analogy is flawed. Viewing the facts in the light most favorable to Plaintiff, the events do not give rise to a claim for a violation of Plaintiff's Eighth Amendment rights. Admittedly, there is no evidence in the record that Plaintiff posed any special threat to Defendant Cariuty at the time of the incident. Defendant Cariuty forcefully returned a padlock to Plaintiff. In doing so, Plaintiff's hand was injured. Plaintiff insists his hand was bruised and swollen. The medical evidence presented indicates, several days after the incident, Plaintiff had a full range of motion in both his wrist and hand. This was not an incident where a prisoner was beaten, forcefully restrained, or otherwise incapacitated. The record lacks evidence from which the court could conclude Defendant Cariuty acted maliciously or sadistically for the purpose if unjustifiable infliction of pain and suffering. *See Whitley v. Albers*, 475 U.S. 312, 320 (1986). To conclude otherwise would mean virtually every injury suffered by a prisoner at the hands of a corrections officer, unrelated to a specific security threat, would constitute a violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

### C. RETALIATION CLAIMS ARISING UNDER THE FIRST AMENDMENT

#### 1. Defendant Cariuty

The magistrate judge recommends dismissing the retaliation claim against Defendant Cariuty. The magistrate judge concludes Plaintiff cannot establish any of the three elements of a retaliation claim. First,

Plaintiff cannot establish that Defendant Cariuty was aware of the alleged protected conduct. Second, the conduct at issue, Defendant Cariuty's forceful return of the padlock, would not deter a person of ordinary firmness from engaging in protected conduct. Finally, the record provides no evidence that the Defendant Cariuty's conduct was retaliatory. Plaintiff objects (objection 15). In paragraph 15, Plaintiff only objects to the conclusion that Defendant Cariuty had knowledge of Plaintiff's attempts to complain about Defendant's conduct. Plaintiff has not objected to the magistrate judge's conclusion that Plaintiff cannot establish either the second or third elements of a retaliation claim. Accordingly, the magistrate judge's recommendation on this issue is ADOPTED.

2. Defendant Knaack

The magistrate judge recommends dismissing the retaliation claim against Defendant Knaack. Plaintiff alleges he met with Defendant Knaack on February 8, 2006 and that Defendant Knaack attempted to dissuade Plaintiff from following through on his grievances and other complaints against Defendant Cariuty. The magistrate judge concludes the grievance against Defendant Cariuty had already been resolved and therefore Plaintiff cannot establish either the second or third elements of a retaliation claim. Plaintiff objects (objection 11). In paragraph 11, Plaintiff insists Defendant Knaack used threatening and intimidating tactics to get Plaintiff to sign off on his grievance against Defendant Cariuty. Plaintiff has not objected to the magistrate judge's conclusion that Plaintiff cannot establish either that the conversation would have deterred a person of ordinary firmness from filing future grievances. Plaintiff has not objected to the magistrate judge's conclusion that the conversation did not constitute retaliation. Accordingly, the magistrate judge's recommendation on this issue is ADOPTED.

D. CLAIMS AGAINST DEFENDANT PARADINE

The magistrate judge recommends dismissing, without prejudice, the claims against Defendant Paradine. The complaint was filed in July 2007 and Defendant Paradine has never been served with

5

process. Plaintiff objects (objection 13). Plaintiff concedes Defendant Paradine has not been served with copies of the summons and complaint. Plaintiff explains Defendant Paradine is retired and Plaintiff, through no fault of his own, has no mechanism for determining where Defendant Paradine is located. Plaintiff details his attempts to secure this information.

The magistrate judge's conclusions of law are well reasoned and fully supported by legal authority. The magistrate judge's recommendation on this claim is ADOPTED. Plaintiff's objection is OVERRULED. Plaintiff has never requested an extension of time to serve Defendant Paradine. Plaintiff has not established good cause for an extension of time under Fed. R. Civ. P. 4(m). *See Breedlove v. Costner*, No. CIV-08-1065, 2010 WL 354023, at * 1 (W.D. Okla. Jan. 22, 2010) (involving dismissal of prisoner's action against a retired corrections officer where the prisoner knew "for more then [sic] thirteen months that the United States Marshal's Service was unable to serve Mr. Costner at his last known place of employment. Plaintiff apparently has made no effort to conduct discovery concerning Mr. Costner's current address to date."); *Moore v. Thomas*, 653 F.Supp.2d 984, (N.D. Cal. 2009) (noting the claims against a defendant physician by a prisoner could be dismissed without prejudice because the defendant was retired and the plaintiff was never able to serve the defendant with process).

CONCLUSION

For the reasons provided above, the report and recommendation is ADOPTED over Plaintiff's objections.

ORDER

For the reasons provided above, **IT IS SO ORDERED:**

1. The report and recommendation (Dkt. No. 50) is **ADOPTED** over objections as the opinion of this

6

court.

2. The motion for summary judgment (Dkt. No. 22) filed by Defendant Cariuty and Defendant Knaack is **GRANTED.** Consistent with the report and recommendation and the above opinion, Plaintiff's claims against Defendants Cariuty and Knaack are **DISMISSED WITH PREJUDICE.**

3. Pursuant to Fed. R. Civ. P. 4(m), the claims against Defendant Paradine are **DISMISSED WITHOUT PREJUDICE.**

4. The remaining pending motions filed by Plaintiff (Dkt. Nos. 52 and 53) are **DISMISSED AS MOOT.**

5. The court finds any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).


Date:  April 19, 2010                                          /s/ Paul L. Maloney
                                                                                                        Paul L. Maloney
                                                                                                        Chief United States District Judge